UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ANNA MARIE CURATOLO MAHMOOD, | |
|---|---|
| Plaintiff, | CASE NO. 3:17-CV-05809-JRC |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 10, 11.

After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in in failing to credit fully the medical opinion from plaintiff's treating rheumatologist, James J. Nakashima, M.D. For example,

although the ALJ found that Dr. Nakashima's opinion was not supported by any clinical findings, the ALJ must set forth her own interpretations and explain why they, rather than Dr. Nakashima's opinion is correct, and the record includes treatment notes from Dr. Nakashima documenting plaintiff's fibromyalgia condition and findings from several physical examinations.

Therefore, the ALJ's error is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order. Because the ALJ's errors relating to Dr. Nakashima's opinion affect the entire proceedings and plaintiff will be able to present new evidence and new testimony on remand, the ALJ must re-evaluate all of the medical evidence, reassess plaintiff's testimony, the RFC, and the findings at steps four and five, if necessary.

## BACKGROUND

Plaintiff, ANNA MARIE CURATOLO MAHMOOD, was born in 1961 and was 49 years old on the alleged date of disability onset of October 25, 2010. *See* AR. 157-58. Plaintiff completed the 11th grade. Plaintiff has work history in the retail industry and running her own janitorial business for a short time. AR. 45-47, 189-95. She stopped the janitorial business because "it was too hard" on her body. AR. 47.

According to the ALJ, plaintiff has at least the severe impairments of "A thyroid disorder, fibromyalgia, peripheral neuropathy, and tremor of the upper extremities." AR. 24.

At the time of the hearing, plaintiff was living with her husband and two children. AR. 44.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 80-87, 89-96. Plaintiff's requested hearing was held before ALJ Linda Thomasson on June 24, 2016. *See* AR. 36-78. On September 19, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 18-35.

In plaintiff's Opening Brief, plaintiff contends that her claim should be reversed or remanded because: (1) the ALJ failed to appropriately weigh the medical opinion evidence; (2) the ALJ failed to properly evaluate plaintiff's testimony; and; (3) the ALJ erred in evaluating plaintiff's residual function capacity ("RFC") and the step four finding. *See* Dkt. 10 at 1. Plaintiff seeks remand for an award of benefits, or in the alternative, remand for further administrative proceedings. Dkt. 10 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

(1) Did the ALJ fail to appropriately weigh the medical opinion evidence and fail to properly determine plaintiff's residual functional capacity?

Plaintiff argues that the ALJ improperly evaluated the opinions of treating rheumatologist, James J. Nakashima, M.D., and treating physician, James. T. Crider, M.D. Dkt. 10.

A. Dr. Nakashima

On August 22, 2014, plaintiff's treating rheumatologist, Dr. Nakashima completed a disability impairment questionnaire. AR. 256-60. He opined that plaintiff can sit for four hours, stand/walk for less than one hour, and carry no more than five pounds. AR. 258. Dr. Nakashima opined that plaintiff has marked to moderate manipulative restrictions. AR. 259. He opined that plaintiff has marked limitations in her ability to grasp, turn and twist objects. AR 259 (marked defined as "[f]requent interference: from 1/3 to 2/3 of an 8-hr. day"). Dr. Nakashima opined that plaintiff has moderate limitations in her ability to use her hands/fingers for fine manipulations and use her arms for reaching (including overhead). AR. 259 (moderate defined as "[o]ccasional interference up to 1/3 of an 8-hr. day"). Dr. Nakashima opined that plaintiff's symptoms would interfere with her attention and concentration up to 1/3 of an eight-hour workday. AR. 259. He opined that she would need to take unscheduled breaks of five minutes approximately every 45 minutes to rest at unpredictable intervals during an eight-hour workday. AR. 259. Dr. Nakashima opined that plaintiff would likely be absent from work as a result of her impairments more than three times per month. AR. 260.

The ALJ assigned little weight to Dr. Nakashima's opinion. AR. 28-29. The ALJ reasoned that Dr. Nakashima's opinion was "excessive in light of examination findings and treatment reports of record. He did not provide a rationale for his opinion. In particular, his opinion regarding the need for breaks of five minutes every 45 minutes and absences of more than three times per month is not well explained." AR. 28-29.

First, the ALJ's assertion that the limitations found by Dr. Nakashima are "excessive" in light of "examination findings and treatment reports of record," without more is insufficient to constitute a specific and legitimate reason for rejection of Dr. Nakashima's assessments. AR. 28-29. The ALJ's assertion is essentially a finding that the limitations found by Dr. Nakashima are not supported by sufficient objective medical evidence or are contrary to the conclusions mandated by the objective findings. However, such a conclusory assertion by the ALJ does not reach the level of specificity in order to reject the opinion of a treating physician. *See Embrey v. Bowen,* 849 F.2d 418, 421–23 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the [treating] doctors', are correct.") (footnote omitted); *see also McAllister v. Sullivan,* 888 F.2d 599, 602 (9th Cir. 1989) (finding that rejecting the treating physician's opinion on the grounds that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Moreover, the ALJ's assertion does not accurately reflect the record as a whole. Although Dr. Nakashima did not list any clinical or laboratory findings on the disability questionnaire, his treatment notes are included in the record in the preceding exhibit. *See* AR. 248-256. Over the course of four years, Dr. Nakashima performed multiple physical examinations of plaintiff and diagnosed plaintiff with fibromyalgia, neuropathic pain, medial epicondylitis, back pain (most likely degenerative), trochanteric bursitis, osteoarthritis, and headache (unknown etiology, but intermittent). AR 248-54. Dr. Nakashima noted multiple fibromyalgia tender points, including in plaintiff's right hand, fingers, and elbows. AR. 251, 252, 254. Plaintiff repeatedly complained of chronic pain and fatigue. AR. 248 (increasing pain in lower back and hip), 251 (continued fibromyalgia pain and back discomfort), 254 (fatigue, continued pain in feet, elbows, knees and fingers and increased sensitivity to light touch). Although Dr. Nakashima noted that in April 2012 plaintiff's back pain was not as severe and her fibromyalgia had improved, he still noted about ten tender points and recommended that that plaintiff continue her current regimen including taking Gabapentin once per day and Robaxin three to five times per day. AR. 252. These findings do not detract from Dr. Nakashima's opinion regarding the severity of plaintiff's pain and fatigue associated with his fibromyalgia because "physical examinations [of patients complaining of pain from fibromyalgia] will usually yield normal results—a full range of motion, no swelling, as well as normal muscle strength and neurological reactions." *Preston v. Sec. of Health & Human Servs.,* 854 F.2d 815, 817–18 (6th Cir. 1988). *See also Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) *(citing Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir.

2004) (fibromyalgia is diagnosed "entirely on the basis of patients' reports of pain and other symptoms," and "there are no laboratory tests to confirm the diagnosis."); SSR 12-2P, *available at* 2012 WL 3104869 at *2–3 (tender-point examinations constitute "objective medical evidence" of fibromyalgia). Thus, there is no substantial evidence to support the ALJ's finding that Dr. Nakashima's assessments of plaintiff's functional limitations were not supported by objective clinical findings or were contrary to the preponderant conclusions.

And even if the ALJ had pointed to substantial evidence supporting the decision not to give Dr. Nakashima's opinion controlling weight, he failed to explain why Dr. Nakashima's opinion deserved little weight. When a treating provider's opinion is not entitled to "controlling weight" because of substantial contradictory evidence, that opinion is still "entitled to deference" based on factors such as the length and nature of the treatment relationship. *Orn v. Astrue*, 495 F.3d 625, 632–33 (9th Cir. 2007); *see also* 20 C.F.R. § 404.1527(c). Here, there were several reasons to defer to Dr. Nakashima's opinion, which the ALJ failed to address – Dr. Nakashima treated plaintiff regularly since 2007 and a rheumatologist's specialized knowledge is "particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community." *See Benecke*, 379 F.3d at 594 n.4 (The Ninth Circuit has given a rheumatologist's opinion of a claimant's fibromyalgia "greater weight than those of the other physicians because it is an opinion of a specialist about medical issues related to his or her area of specialty.").

Defendant argues that Dr. Nakashima "likely premised his opinion on subjective allegations, since there is no objective support provided." Dkt. 11 at 11. However, the Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). As the ALJ did not state that he was giving little weight to Dr. Nakashima's opinion because it was based on plaintiff's subjective testimony, the Court is not persuaded by defendant's argument. And even if the Court were to consider this argument, as noted above, Dr. Nakashima conducted various physical examinations throughout his treatment of plaintiff which supports Dr. Nakashima's opinion and is not based solely on plaintiff's subjective complaints or self-assessed functional limitations.

Thus, the Court finds that the ALJ has not provided a specific and legitimate reason supported by substantial evidence for discounting Dr. Nakashima's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court

cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56).

In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

As noted, Dr. Nakashima opined that plaintiff had moderate to marked manipulative limitations, and that her pain would interfere with attention and concentration up to 1/3 of an eight-hour workday. AR. 258. As fully crediting this opinion likely would alter the ultimate disability determination, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless and this matter is reversed and remanded for further administrative proceedings.

### B. Dr. Crider

Plaintiff argues that the ALJ failed to properly weigh the opinions of Dr. Crider. Dkt. 10. The ALJ assigned great weight to Dr. Crider's April 2015 opinion, but little weight to the opinions provided in February and June 2016. AR. 29-30. In Section I.A., the Court concludes that the ALJ committed harmful error in assessing the opinion of Dr.

Nakashima, and that this case be remanded for further administrative proceedings. In light of this finding, and because plaintiff will be able to present new evidence and new testimony on remand, the ALJ's assessment of all of the medical evidence should be evaluated anew following remand of this matter. *See* Program Operations Manual System (POMS), GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018) ("[A] court order vacating the [ALJ's] prior decision and remanding the case to the Commissioner voids the prior decision ... and thus returns the case to the status of a claim "pending" before SSA….The ALJ processes the case in the same way as a regular hearing and issues a decision."); *see also Bartlett v. Berryhill*, 2017 WL 2464117, at *4 (W.D. Wash. June 7, 2017).

    (2)    Did the ALJ fail to properly evaluate plaintiff's testimony?

Plaintiff contends that the ALJ failed to properly evaluate plaintiff's subjective symptom testimony. Dkt. 10 at 12-15. In Section I, the Court concludes that the ALJ committed harmful error in assessing Dr. Nakashima's opinion and must re-evaluate all of the medical evidence on remand. On remand, plaintiff will be able to present new evidence and new testimony. *See* POMS, GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018); *see also Bartlett*, 2017 WL 2464117 at *4. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

(3) Did the ALJ err in her assessment of plaintiff's RFC and the step four finding?

Plaintiff contends that the ALJ failed to properly determine plaintiff's RFC and erred in the step four finding by mischaracterizing plaintiff's past relevant work. Dkt. 10 at 5-6, 11-12, 16-17. In Section I, the Court concludes that the ALJ committed harmful error when she failed to properly consider the opinions of Dr. Nakashima. The ALJ is directed to re-evaluate all of the medical evidence and plaintiff's subjective symptom testimony on remand. *See* Sections I, II, *supra.* Therefore, on remand, the ALJ must also reassess plaintiff's RFC. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). Because the ALJ must reassess plaintiff's RFC on remand, she must also re-evaluate the findings at steps four and five to determine if plaintiff can perform her past relevant work or if there are jobs existing in significant numbers in the national economy that plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

(4) Should this case be remanded for an award of benefits or remanded for further administrative proceedings?

Plaintiff contends that this case should be remanded for an award of benefits, or in the alternative, remanded for further administrative proceedings. Dkt. 10 at 1. Aside from seeking an award of benefits, plaintiff offers no argument or analysis in support of her contention. *See* Dkt. 10.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, the record as a whole is not free from conflicts and ambiguities, including conflicts in the medical evidence and allegations potentially inconsistent with aspects of the record. *See e.g.* AR. 247, 259 (Dr. Nakashima opined that plaintiff has moderate to marked manipulative restrictions, while Derek J. Leinenbach, M.D. opined that plaintiff can frequently reach, handle, finger and feel.). Therefore, remand for further administrative proceedings is appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose).

On remand, the ALJ is instructed to (1) reconsider all of the medical and non-medical evidence; (2) reassess plaintiff's subjective symptom testimony concerning plaintiff's limitations in light of any new and reconsidered evidence; and (3) re-evaluate plaintiff's RFC and findings at steps four and five, if necessary.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 14th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge